IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEL MARIN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-4594 |
| WPVI-TV/6ABC, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                                                              **OCTOBER 18, 2024**

On August 29, 2024, Plaintiff Mel Marin filed a *pro se* Complaint (ECF No. 2) seeking to enjoin the presidential debate that was to be held on September 10, 2024, as well as the certification of any presidential election that did not include Robert F. Kennedy, Jr., naming as Defendants numerous media outlets and the President of the United States Senate.[1] He also sought leave to proceed *in forma pauperis*. (*See* ECF No. 1.) On September 5, 2024, the Court granted Marin leave to proceed *in forma pauperis*, but directed that summonses not be issued pending screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Marin may not bring claims on behalf of the Kennedy campaign and lacks standing to pursue his claims for relief on his own behalf, the Court will dismiss the Complaint upon screening.

**I.**       **FACTUAL ALLEGATIONS**[2]

---

[1] The Court denied Marin's Emergency Motion for a Temporary Restraining Order to enjoin the presidential debate by order of September 10, 2024. (*See* ECF Nos. 8, 9.)

[2] The facts set forth in this Memorandum are taken from Marin's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Marin names as Defendants WPVI-TV/6ABC, the American Broadcasting Company, the Walt Disney Company (as alter ego of ABC), and Jeffrey Rosen (collectively, the "ABC Defendants"); The Cable News Network and Warner Brothers Discovery, Inc. (as alter ego of CNN) (collectively, "the CNN Defendants"); and the President of the United States Senate.

Marin states that he was about to begin employment with Robert F. Kennedy, Jr.'s campaign for President of the United States when that campaign was suspended on August 23, 2024. (*See* Compl. at 4.) He alleges that the ABC Defendants and the CNN Defendants have manipulated the media coverage of the candidates in the United States presidential election to the detriment of the Kennedy campaign. (*See id.* at 33-45, 55-61.) He claims that the Federal Election Commission ("FEC") unconstitutionally delegated its authority over campaign regulation to the ABC and CNN Defendants in allowing them to set the criteria for candidates to qualify for participation in the presidential debates, and that the resulting criteria are not sufficiently "objective" to satisfy the requirements of the Federal Election Campaign Act ("FECA"). (*See id.* at 11-28, 45-55.) He claims that the CNN Defendants have afforded the two major political parties and their presidential candidates imbalanced airtime that amounts to illegal campaign contributions in violation of the FECA and the associated FEC regulations. (*See id.* at 28-33.) He asserts that these actions by the ABC and CNN Defendants caused the suspension of the Kennedy campaign, and by extension, foreclosed his employment with the campaign. (*See id.* at 4-10.)

Marin seeks a declaratory judgment that the ABC and CNN Defendants have violated the FECA and associated FEC regulations (*id.* at 26, 55); statutory, compensatory, and punitive damages totaling in the multiple billions of dollars for those violations and the alleged harm to his employment (*id.* at 32-33, 41, 45, 59-61); and an injunction barring the President of the

United States Senate "from certifying or validating the coming vote of the Electoral College, so that the Congress of the United States can declare who the next President of the United States will be." (*Id.* at 63.)

## II. STANDARD OF REVIEW

The Court granted Marin leave to proceed *in forma pauperis* in a prior order. (*See* ECF No. 6.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Marin's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v.*

*AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

As Marin is proceeding *pro se*, the Court construes his allegations liberally.[3] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

**III.   DISCUSSION**

As an initial matter, to the extent that Marin attempts to assert any claims "derivatively on behalf of the [Kennedy] Campaign" (Compl. at 5), those claims will be dismissed without prejudice. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself

---

[3] The Court notes that Marin "is a frequent *pro se* litigator in [the Third Circuit], and in other state and federal courts across the country." *Marin v. Sec'y of Pa.*, 715 F. App'x 139, 140 (3d Cir. 2017); *see also Marin v. U.S. Econ. Dev. Admin.*, No. 15-0792, 2018 WL 4636203, at *1 n.1 (W.D. Pa. Sept. 27, 2018) (explaining that Marin is "also known as Melvin M. Marinkovic" and citing his pattern of "vexatious litigation" and "similar escapades," noting in particular that he appears on California's Vexatious Litigants list).

*pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted)); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit). Accordingly, Marin may not present claims on another party's behalf.[4]

Marin's Complaint also fails as to any relief he purports to seek on his own behalf. Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing."

---

[4] Even if he were represented by counsel, Marin would lack standing to advance any claim that he was derivatively harmed merely as a Kennedy supporter. *See Berg v. Obama*, 586 F.3d 234, 240 (3d Cir. 2009) ("A voter fails to present an injury-in-fact when the alleged harm is only derivative of a harm experienced by a candidate." (cleaned up) (quoting *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001))).

*Id.*  "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted).  Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct.  *Id.*  Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision.  *Id.* at 561; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").  "[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citation omitted); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." (citation omitted)).  "[S]tanding is a jurisdictional matter."  *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).  A plaintiff "bears the burden of showing that he has standing for each type of relief sought," including injunctive relief.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)); *see also Spokeo*, 578 U.S. at 339.  If a litigant does not meet the standing requirements, the case must be dismissed for lack of

subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998).

Marin has failed to satisfy the requirements for Article III standing. He states that "he was trained for and accepted into the Kennedy fundraising group to make calls on behalf of the candidate." (Compl. at 5.) He claims to have attended various training and orientation sessions and "he understood from that orientation that he was hired for that work and that it would start soon and when he made the number of calls required[,] he would be paid." (*Id.* at 5-6.) He further claims that he would likely have been hired for "continued work in the Kennedy Administration on election and for the next 8 years of that presidency." (*Id.* at 7.) Marin "asserts a 'trickle-down' indirect financial injury on the basis that because Mr. Kennedy was denied contributions by the unlawful actions of these defendants, plaintiff could not be paid by those contributions." (*Id.* at 8.) He also asserts various theories of "informational injury" because he was frustrated in his efforts "to propose and educate the campaign staff to work his economic plan he acquired from his education." (*Id.* at 9.) All of these injuries, he alleges, were caused in part by the ABC and CNN Defendants' decisions about airtime afforded to Kennedy generally and their exclusion of Kennedy from the June and September presidential debates specifically. (*See id.* at 6-9.)

Marin's alleged injury does not confer standing. "[A] 'chain of contingencies' amounting to 'mere speculation' is insufficient for an injury-in-fact." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 364 (3d Cir. 2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410-11 (2013)). Marin alleges a chain of contingencies along the following path: (1) he would begin employment in a paid fundraising position with the Kennedy campaign; (2) he would be able to secure donations in that position; (3) Kennedy's inclusion in the debates would

lead to an influx of donations sufficient to support Marin's compensation; (4) Kennedy would win the election and a subsequent re-election; and (5) Marin would be employed by the Kennedy campaign and administration throughout this period.  Put simply, this is mere speculation.

The decision to suspend the Kennedy campaign is the direct cause of Marin's alleged injury.  Marin nonetheless asks this Court to conclude that, had Kennedy been included in the presidential debates, then his campaign would not have been suspended, and donors and voters would have supported his candidacy in greater numbers.  "[I]t is a bedrock principle that a federal court cannot redress 'injury that results from the independent action of some third party not before the court,'" and courts are "reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment."  *Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024) (first quoting *Simon v. E. Ky. Welfare Rts.Org.*, 426 U.S. 26, 41-42 (1976), then quoting *Clapper*, 568 U.S. at 413).  Marin's theory of injury rests not only on the independent action of the campaign in deciding to suspend operations, but on the independent decision making of countless unknown donors and voters.  Furthermore, his alleged "informational injuries" and his request to enjoin the President of the United States Senate from certifying the vote of the Electoral College "so that the Congress of the United States can declare who the next President of the United States will be" (Compl. at 63) are collectively too speculative and too generalized to confer standing on him to seek such prospective injunctive relief.  *See Berg*, 586 F.3d at 239-40 (citations omitted).  Accordingly, Marin has not carried his burden to demonstrate that he has standing to pursue his claims, and they will be dismissed for lack of jurisdiction.

## IV.     CONCLUSION

For the foregoing reasons, the Complaint will be dismissed without prejudice in its

entirety.[5]  Leave to amend will not be granted, because the Court concludes that amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate order will be entered separately.  *See* Fed. R. Civ. P. 58.

**BY THE COURT:**

/s/ Juan R. Sánchez
_____
**JUAN R. SÁNCHEZ, J.**

---

[5]  Because the case is dismissed, Marin's "Emergency Motion for Judgment on the Pleadings" (ECF No. 7) is denied.